Trey Crawford – SBN 24059623
Michael J. Lang -SBN 24036944
Alexandra Ohlinger - SBN 24091423
Gracen Moreno - SBN 24116248
David M. Akere - SBN 24126294
**CRAWFORD WISHNEW & LANG PLLC**
1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500
Facsimile: (214) 602-6551
tcrawford@cwl.law
mlang@cwl.law
aohlinger@cwl.law
gmoreno@cwl.law
dakere@cwl.law

***Counsel for Defendants***
***Toby Neugebauer and Melissa Neugebauer***

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 23-30035-MVL-7** |
| **ANIMO SERVICES, LLC** | § | **Chapter 7** |
| **Debtor.** | § | |
| **AREYA HOLDER AURZADA, TRUSTEE,** | § | **Adversary No. 25-03015-mvl** |
| **Plaintiff** | § | |
| **v.** | § | |
| **TOBY NEUGEBAUER AND MELISSA NEUGEBAUER,** | § | |
| **Defendants.** | § | |

**DEFENDANTS TOBY NEUGEBAUER'S AND MELISSA NEUGEBAUER'S ANSWER TO TRUSTEE'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendants Toby Neugebauer ("Neugebauer") and Melissa Neugebauer ("Melissa"), (collectively, the "Neugebauers" or "Defendants") hereby file their Original Answer to Trustee's Original Complaint [Doc. # 23] (the "Complaint") and Affirmative Defenses, and respectfully states as follows:

## DEFENDANTS' ANSWER TO THE COMPLAINT

### I. SUMMARY

1. Defendants admit that Plaintiff has filed a fraudulent transfer claim. Defendants deny all remaining allegations in Paragraph 1.

### II. JURISDICTION AND VENUE

2. Defendants admit the allegations in Paragraph 2.

3. Defendants admit the allegations in Paragraph 3.

4. Paragraph 4 does not include allegations for which an admission or denial is required by the Federal Rules but, instead, contains only legal conclusions. To the extent Paragraph 4 does include allegations for which an admission or denial is required, Defendants deny same. Defendants deny any implication that they committed any acts or actions that would support any claims referenced in Paragraph 4 and deny that Plaintiff is entitled to any damages or other relief as set forth therein.

### III. PARTIES

5. Defendants lack sufficient information to form a belief about the truth of the allegations contained in Paragraph 5, which also contains legal conclusions.

6. Defendants admit the allegations in Paragraph 6.

7. Defendants admit the allegations in Paragraph 7.

## IV. FACTUAL BACKGROUND

8. Defendants admit the allegations in Paragraph 8.

9. Defendants admit that GloriFi was founded by Toby Neugebauer. Defendant denies the remaining allegations in Paragraph 9.

10. Defendants admit the allegations in Paragraph 10.

11. Defendants admit the first sentence of Paragraph 11. Defendants deny the remaining allegations in Paragraph 11.

12. Defendants admit that Debtor transferred $551,000 to them. Defendants deny the remaining allegations in Paragraph 12.

13. Defendants admit that, on or about October 7, 2021, the Debtor transferred (1) $200,000 from its bank account to Toby's personal account at Frost Bank with an account number ending in 0285, and (2) $350,000 from its bank account to Melissa's personal account at Frost Bank with an account number ending in 0293. In addition, on or about December 17, 2021, the Debtor transferred another $1,000 from its bank account to the same bank account belonging to Melissa. Defendants deny the remaining allegations in Paragraph 13.

14. Defendants admit that, on or about October 7, 2021, Debtor transferred: (1) $200,000 from its bank account to Neugebauer's personal account at Frost Bank, with an account number ending in 0285 and (2) $350,000 from its bank account to Melissa's personal account at Frost Bank, with an account number ending in 0293. In addition, on or about December 17, 2021, Debtor transferred another $1,000 from its bank account to the same bank account belonging to Melissa. Defendants can neither admit nor deny the remaining allegations in Paragraph 14, therefore Defendants deny same.

15. Defendants admit that, in or about June and July 2021, Melissa transferred $351,000 to Debtor, and, in September 2021, Neugebauer transferred $200,000 to Debtor. Defendants deny all other allegations in Paragraph 15.

16. Defendants can neither admit nor deny the allegations in Paragraph 16, therefore Defendants deny same.

17. Defendants admit that, at that time, Debtor was wholly owned by Animo Bancorp, Inc. ("Animo Bancorp"), and: (1) Neugebauer was on the board of directors for Animo Bancorp; and (2) the Neugebauers owned 100% of Animo Bancorp. Defendants are without sufficient information to admit or deny the allegation that representations were made to third parties that "All the entities are under the common control of Toby Neugebauer." The characterization of Neugebauer as an "Insider" is a legal conclusion that need not be admitted or denied. Otherwise, it is denied. Defendants deny the remaining allegations in Paragraph 17.

18. Defendants admit that, on or about October 7, 2021, Debtor transferred $200,000 to Neugebauer and $350,000 to Melissa. Defendants deny all other allegations in Paragraph 18.

19. Defendants admit that Neugebauer received an invoice. Defendants deny the remaining allegations in Paragraph 19.

20. Defendants deny the allegations in Paragraph 20.

21. Defendants admit Debtor was founded in May of 2021. Defendants deny the remaining allegations in Paragraph 21.

22. The allegations in Paragraph 22 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those

documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 22.

23. The allegations in Paragraph 23 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 23.

24. The allegations in Paragraph 24 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 24.

25. The allegations in Paragraph 25 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 25.

26. The allegations in Paragraph 26 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 26.

27. Defendants deny the allegations in Paragraph 27.

28. The allegations in Paragraph 28 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 28.

29. The allegations in Paragraph 29 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 29.

30. The allegations in Paragraph 30 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 30.

31. The allegations in Paragraph 31 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 31.

32. The allegations in Paragraph 32 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 32.

33. Defendants deny the last sentence of Paragraph 33. The remaining allegations in Paragraph 33 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants also deny the remaining allegations in Paragraph 33.

34. Defendants deny the last sentence of Paragraph 34. The remaining allegations in Paragraph 34 regarding the content of documents are not allegations for which an

admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants also deny the remaining allegations in Paragraph 34.

35. Defendants deny the last sentence of Paragraph 35. The remaining allegations in Paragraph 35 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants also deny the remaining allegations in Paragraph 35.

36. Defendants deny the last sentence of Paragraph 36. The remaining allegations in Paragraph 36 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants also deny the remaining allegations in Paragraph 36.

37. Defendants deny the last sentence of Paragraph 37. The remaining allegations in Paragraph 37 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants also deny the remaining allegations in Paragraph 37.

38. Defendants deny the last sentence of Paragraph 38. The remaining allegations in Paragraph 38 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants also deny the remaining allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

## V. CLAIMS FOR RELIEF

### A. COUNT I: Avoidance of Transfer – Actual Fraudulent Transfer (11 U.S.C. § 548(a)(1)(A))

40. Defendants restate and reallege their admissions and denials as set forth herein in response to Paragraph 40 of the Complaint.

41. Defendants admit that, on October 7, 2021, Debtor transferred $200,000 to Neugebauer and $350,000 to Melissa and transferred another $1,000 to Melissa on December 17, 2021. Defendants deny the remaining allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants admit that Debtor transferred $551,000 to them. Defendants deny the remaining allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

### B. COUNT II: Avoidance of Transfer – Actual Fraudulent Transfer (TEX. BUS. & COM. CODE § 24.005(a)(1))

48. Defendants restate and reallege their admissions and denials as set forth herein in response to Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants admit that Debtor transferred $551,000 to them. Defendants deny the remaining allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants admit that Debtor transferred $551,000 to them. Defendants deny the remaining allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants deny the allegations in Paragraph 55.

56. Paragraph 56 does not include allegations for which an admission or denial is required by the Federal Rules but, instead, contains only legal conclusions. To the extent Paragraph 56 does include allegations for which an admission or denial is required, Defendants deny same. Defendants deny any implication that they committed any acts or actions that would support any claims referenced in Paragraph 56 and deny that Plaintiff is entitled to any damages or other relief as set forth therein.

57. Defendants deny the allegations in Paragraph 57.

**C. COUNT III: Avoidance of Transfer – Constructive Fraudulent Transfer (11 U.S.C. § 548(a)(1)(B))**

58. Defendants restate and reallege their admissions and denials as set forth herein in response to Paragraph 58 of the Complaint.

59. Defendants admit that, on October 7, 2021, Debtor transferred $200,000 to Neugebauer and $350,000 to Melissa and transferred another $1,000 to Melissa on December 17, 2021. Defendants deny the remaining allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants admit that Debtor transferred $551,000 to them. Defendants deny the remaining allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63.

64. Defendants deny the allegations in Paragraph 64.

**D. COUNT IV: Avoidance of Transfer – Constructive Fraudulent Transfer (TEX. BUS. & COMM. CODE § 24.005(a)(2))**

65. Defendants restate and reallege their admissions and denials as set forth herein in response to Paragraph 65 of the Complaint.

66. Defendants deny the allegations in Paragraph 66.

67. Defendants admit that, on October 7, 2021, Debtor transferred $200,000 to Neugebauer and $350,000 to Melissa and transferred another $1,000 to Melissa on December 17, 2021. Defendants deny the remaining allegations in Paragraph 67.

68. Defendants deny the allegations in Paragraph 68.

69. Defendants deny the allegations in Paragraph 69.

70. Defendants admit that Debtor transferred $551,000 to them. Defendants deny the remaining allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

72. Paragraph 72 does not include allegations for which an admission or denial is required by the Federal Rules but, instead, contains only legal conclusions. To the extent Paragraph 72 does include allegations for which an admission or denial is required, Defendants deny same. Defendants deny any implication that they committed any acts or actions that would support any claims referenced in Paragraph 72 and deny that Plaintiff is entitled to any damages or other relief as set forth therein.

73. Defendants deny the allegations in Paragraph 73.

**E. COUNT V: Recovery of Voidable Transfer (11 U.S.C. § 550)**

74. Defendants restate and reallege their admissions and denials as set forth herein in response to Paragraph 74 of the Complaint.

75. Defendants admit the allegations in Paragraph 75.

76. Defendants deny the allegations in Paragraph 76.

77. Defendants deny the allegations in Paragraph 77.

78. Defendants deny the allegations in Paragraph 78.

**F. COUNT VI: Disallowance of Claim (11 U.S.C. § 502)**

79. Defendants restate and reallege their admissions and denials as set forth herein in response to Paragraph 79 of the Complaint.

80. Defendants admit that, on October 7, 2021, Debtor transferred $200,000 to Neugebauer and $350,000 to Melissa and transferred another $1,000 to Melissa on December 17, 2021. Defendants deny the remaining allegations in Paragraph 80.

81. Defendants deny the allegations in Paragraph 81.

82. Defendants admit they have not “paid back” the transfers but deny any allegation in Paragraph 82, express or implied, that they were required to do so (or that not doing so subjects them to any liability for the claims asserted in the Complaint).

83. Defendants deny the allegations in Paragraph 83.

84. Defendants deny the allegations in Paragraph 84.

85. Defendants deny the allegations in Paragraph 85.

**G. COUNT VII: Pre-Judgment and Post-Judgment Interest, Attorneys’ Fees, and Expenses**

86. Defendants restate and reallege their admissions and denials as set forth herein in response to Paragraph 86 of the Complaint

87. Defendants deny the allegations in Paragraph 87.

88. Defendants deny the allegations in Paragraph 88.

## VI. PLAINTIFF'S PRAYER

89. Defendants deny that Plaintiff is entitled to any of the relief that it requests in the Prayer of the Complaint.

## DEFENDANTS' AFFIRMATIVE DEFENSES

1. In further Answer to the Complaint, and by way of separate and individual defenses and affirmative defenses, Defendants allege as follows:

2. Defendants are entitled to offset for amounts owed to Defendants by Debtor.

3. Debtor was not insolvent at the time of the alleged fraudulent transfers.

4. Any alleged transfers were in payment of a debt incurred by Debtor in the ordinary course of business or financial affairs of Debtor and Defendants and were made according to ordinary business terms.

5. Debtor received reasonably equivalent value for the transfers to Defendants.

6. Plaintiff may not avoid the alleged transfers to Defendants pursuant to 11 U.S.C. § 548 or under applicable state law pursuant to 11 U.S.C. § 544 because:

   a. Debtor was solvent when the alleged transfers were made, or did not become insolvent as a result of the alleged transfers;

   b. Debtor was not engaged or about to engage in business or transactions for which any property remaining with Debtor was unreasonably small capital; or

   c. Debtor did not intend to incur or did not believe that it would incur debts that would be beyond its ability to pay as such debts matured.

7. Plaintiff is not entitled to recovery under any theory, thus Plaintiff may not hold Defendants liable pursuant to 11 U.S.C. § 550.

8. Plaintiff is not entitled to recovery under any theory, thus Plaintiff may not disallow any claims of Defendants pursuant to 11 U.S.C. § 502.

9. Plaintiff is estopped from asserting these claims because the alleged transfers complained of benefitted Debtor and were affirmed and completed with the Debtor's knowledge, agreement, or acquiescence.

10. Plaintiff is not entitled to an award of attorneys' fees under applicable state law, the Bankruptcy Code, or any other applicable law as Plaintiff has shown no legal or factual basis for such an award.

11. Defendants reserve the right to amend this Answer to correct and add defenses as further information regarding Plaintiff's claims becomes available through the course of discovery or otherwise.

**DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court enter a take nothing judgment against Plaintiff, deny any and all relief requested by Plaintiff, enter judgment in favor of Defendants, and grant Defendants such other relief, at law or equity, to which Defendants show themselves justly entitled.

Dated: May 1, 2026

Respectfully submitted,

**CRAWFORD, WISHNEW & LANG PLLC**

*/s/ Trey Crawford*
Trey Crawford
SBN 24059623
tcrawford@cwl.law
Michael J. Lang
SBN 24036944
mlang@cwl.law
Alexandra Ohlinger
SBN 24091423
aohlinger@cwl.law
Gracen Moreno
SBN 24116248
gmoreno@cwl.law
David M. Akere
SBN 24126294
dakere@cwl.law

1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500
Facsimile: (214) 602-6551

*Counsel for Toby Neugebauer and Melissa Neugebauer*

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2026, I served a copy of the foregoing document electronically to all filers of record via the CM/ECF system and/or email.

*/s/ Trey Crawford*
Trey Crawford