Chase J. Potter
Texas Bar No. 24088245
Joshua L. Shepherd
Texas Bar No. 24058104
Benjamin L. Weible
Texas Bar No. 24068834
Ryan M. Anderson
Texas Bar No. 24143563
IACUONE MCALLISTER POTTER PLLC
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Telephone: (214) 432-1536
potter@imcplaw.com
shepherd@imcplaw.com
weible@imcplaw.com
anderson@imcplaw.com

COUNSEL FOR THE AGENT AND
SPECIAL COUNSEL FOR TRUSTEE

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **ANIMO SERVICES, LLC** | § | **Case No. 23-30035-MVL-7** |
| | § | |
| ***Debtor*.** | § | |

| | | |
|---|---|---|
| | § | |
| **AREYA HOLDER AURZADA, TRUSTEE,** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| | § | **Adv. No. 25-03015-mvl** |
| **v.** | § | |
| | § | |
| **TOBY NEUGEBAUER and MELISSA NEUGEBAUER,** | § | |
| | § | |
| ***Defendants*.** | § | |

**TRUSTEE'S MOTION TO COMPEL DISCOVERY FROM DEFENDANTS TOBY NEUGEBAUER AND MELISSA NEUGEBAUER AND BRIEF IN SUPPORT**

Plaintiff Areya Holder Aurzada (the "Trustee" or "Plaintiff"), as the duly appointed Chapter 7 Trustee for the estate of Animo Services, LLC (the "Debtor" or "ASL"), files this Motion to Compel Discovery and Brief in Support (the "Motion") against Defendants Toby Neugebauer ("Toby") and Melissa Neugebauer ("Melissa," and together with Toby, the "Defendants"), and shows:

## I. DEFENDANTS FAILED TO RESPOND TO REQUESTS FOR ADMISSION AND FAILED TO PRODUCE DOCUMENTS AS AGREED

1. This Motion asks the Court to require Defendants to do what they said they would do: produce documents. In separate written responses, Toby and Melissa each agreed to produce documents in response to most of the Trustee's requests for production listed below (the "Agreed Requests"), but each conditioned production on "the parties agreeing on a discovery protocol." No rule requires a protocol. Toby also declined to answer RFA Nos. 38-46 on the premise that the Trustee never served them. Despite the fact that the Trustee did serve the requests initially, the Trustee again provided the discovery requests after receiving Defendants' responses and received no amended response.

2. The Trustee tried to avoid this Motion. The Trustee's counsel wrote to Defendants' counsel, identified each request at issue, and asked for document production by October 15, 2026.[1] The Trustee's counsel also asked Defendants to state the basis for any refusal to produce responsive documents. Defendants did not respond and produced nothing. The Trustee therefore asks the Court to compel Defendants to comply with their discovery obligations and immediately produce non-privileged responsive documents and fully respond to requests for admission.[2]

---

[1] The majority of the events set forth herein, including the conference efforts, were conducted by the parties through their respective counsel. For readability, this Motion often refers to actions taken by counsel as actions of the party.

[2] This Motion is limited to the requests for production identified above and Toby's responses to RFA Nos. 38-46. It does not seek relief on the Trustee's interrogatories or on any request for production to which

## II. FACTUAL BACKGROUND

3. The Trustee seeks to avoid and recover transfers totaling not less than $551,000 that the Debtor made to Defendants: $200,000 to Toby and $350,000 to Melissa on or about October 7, 2021, and $1,000 to Melissa on or about December 17, 2021 (the "Transfers"). Adv. Dkt. No. 23 ¶¶ 12-13. Toby controlled the Debtor's financial affairs, and the Trustee alleges that Defendants directed the Debtor to prepare "promissory notes" for the money that Toby and Melissa had earlier put into the Debtor so they could later claim the Debtor owed it back. *Id.* ¶¶ 14, 16. The Trustee alleges that the Debtor received no value in exchange for the Transfers. *Id.* ¶¶ 41-43.

4. Discovery is set to close in this matter on March 12, 2027. Adv. Dkt. No. 35 at 2.

5. On July 27, 2026, the Trustee served a First Set of Discovery on Toby and a First Set of Discovery on Melissa (together, the "Requests"). Ex. A at App. 001-026; Ex. B at App. 027-052. On September 9, 2026, after an agreed extension, Defendants served their Objections and Responses (the "Responses"). Ex. C at App. 053-073; Ex. D at App. 074-095. Neither Defendant produced any document with the Responses.

6. The Agreed Requests are RFP Nos. 1, 3-22, 25-30, and 34-56 to Toby, and RFP Nos. 1, 3-22, 25-30, and 34-55 to Melissa. For each, Defendant gave the same response: "Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol." Ex. C at App. 053-073; Ex. D at App. 074-095. The Responses set no date for production. Defendants' only comment on any Agreed Request was that, as to RFP 3 and 4 of each set of requests for production, "the bank account statements of the Debtor are more easily accessible to the Debtor." Defendants agreed to produce those documents anyway. *Id.*

---

Defendants objected, and the Trustee reserves all rights as to those matters, including the right to seek relief in a later motion.

7. Toby also did not answer RFA Nos. 38-46. Ex. C at App. 071-072. For each of the foregoing, he gave the same response: "The language of this Request for Admission was not included with the First Set of Discovery Requests as served on Defendant. Despite diligent search and inquiry, Defendant has been unable to locate this Request. Defendant hereby requests that the Trustee provide a copy of same. To the extent this Request for Admission exists and has been properly served, it is DENIED." *Id.* Those requests appear on page 23 of the Trustee's First Set of Discovery to Toby, in numerical order between RFA No. 37 and RFA No. 47. Ex. A at App. 024-026. Nonetheless, the Trustee's counsel re-sent a complete copy of the Requests on September 10, 2026. Ex. F at App. 099-124.

8. On October 1, 2026, the Trustee's counsel again emailed Defendants' counsel and requested that Defendants produce documents responsive to the Agreed Requests. The email noted that many of the Responses condition production on "the parties agreeing on a discovery protocol" and stated: "[W]e are unaware of a required protocol outside the Federal Rules. If you refuse to produce the records absent this undefined protocol, please advise and provide the basis for your refusal no later than October 7, 2026. We can consider this communication our conference on that discrete matter." Ex. E at App. 096-098. The email asked that responsive documents be produced "no later than October 15, 2026." *Id.* It also noted that RFA Nos. 38-46 were served with the initial request and advised that Toby's conditional responses were not proper under Rule 36(a)(4). *Id.*

9. Defendants did not respond by October 7, 2026, or at any time since, and they have not produced any documents. The Trustee has no remaining means of resolving this dispute without the Court's intervention.

## III. ARGUMENT AND AUTHORITIES

### A. Legal Standard

10. The Federal Rules of Civil Procedure (the "Federal Rules") governing discovery apply with full force in adversary proceedings. FED. R. BANKR. P. 7034; FED. R. BANKR. P. 7037. Under Rule 34, a party may serve a request to produce documents within the scope of Rule 26(b) that are in the responding party's possession, custody, or control. FED. R. CIV. P. 34(A)(1). The responding party must respond in writing within thirty days after service. FED. R. CIV. P. 34(B)(2)(A). For each item or category, the response must either state that the request will be complied with or state with specificity the grounds for objecting. FED. R. CIV. P. 34(B)(2)(B). A party that commits to produce documents must complete that production, "no later than the time for inspection specified in the request or another reasonable time specified in the response." *Id.*

11. When a party fails to produce documents as requested under Rule 34, the requesting party may move for an order compelling production. FED. R. CIV. P. 37(A)(3)(B)(IV). Evasive or incomplete responses are treated as failures to respond and are themselves grounds to compel. FED. R. CIV. P. 37(A)(4). If a motion to compel discovery is granted (or if the responding party produces only after the motion is filed), the court "must" require the responding party to pay the movant's reasonable expenses, including attorney's fees, unless the responding party's position was "substantially justified" or other circumstances would make an award unjust. *See* FED. R. CIV. P. 37(A)(5)(A).

### B. Defendants Must Produce the Documents They Agreed to Produce.

12. This is straightforward: Defendants must produce the documents they agreed to produce. Each Defendant agreed to produce documents in response to the Agreed Requests. Ex. C at App. 053-073; Ex. D at App. 074-095. Each then tied that promise to a "discovery protocol"

and set no date. A mere commitment to produce, standing alone, is not compliance. Production must be completed "no later than the time for inspection specified in the request or another reasonable time specified in the response," and Defendants specified none. FED. R. CIV. P. 34(B)(2)(B). More than twelve weeks after service of the requests, no time has proven convenient.

13. Nothing in Rule 26 or Rule 34 makes a discovery protocol a precondition to production. The Trustee told Defendants on October 1 that he was "unaware of a required protocol outside the Federal Rules" and asked them to state the basis for any refusal. Ex. E at App. 097. Defendants said nothing.

14. Search terms are also irrelevant to much of what Defendants agreed to produce. The Agreed Requests include requests for bank records for a specific account (RFP 3 and 4), the promissory notes, loan agreements, and other written instruments that Defendants may claim support a debt (RFP 5 and 6), corporate authorization documents (RFP 30), and insurance policies (RFP 56 to Toby and RFP 55 to Melissa). Defendants do not need search terms to find those documents.

15. Defendants must "fully answer each interrogatory or document request to the full extent that it is not objectionable" and must "affirmatively explain whether any responsive information or documents have been withheld." *Heller v. City of Dallas*, 303 F.R.D. 466, 485 (N.D. Tex. 2014); *accord Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018). A party resisting discovery "must have a valid objection to each one in order to escape the production requirement." *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485-86 (5th Cir. 1990); *accord Lopez*, 327 F.R.D. at 580. Objections not timely asserted are generally waived. *Lopez*, 327 F.R.D. at 582.

16. Defendants have asserted no valid objection to producing documents in response to the Agreed Requests. Their offer to run search terms does not change that. Search terms are a method for locating responsive material, and they carry "several known limitations . . . that can reduce their effectiveness if not properly addressed." *See Deal Genius, LLC v. O2COOL, LLC*, 682 F. Supp. 3d 727, 733 (N.D. Ill. 2023) (Favro, Special Master). Chief among them, search terms "tend to be under-inclusive": documents that do not contain the precise wording of a term "will be excluded from the search results," leaving "key discoverable information undetected and thus not produced." *Id.* at 734. An agreed search protocol is therefore a tool in service of the production obligation, not a substitute for or a precondition to, it. A reasonably accessible document that is responsive to a discovery request must be produced without regard to the parties' agreement to use search terms. *See Albert v. Lab'y Corp. of Am.*, 536 F. Supp. 3d 798, 801 (W.D. Wash. 2020). Defendants must produce the documents they agreed to produce, and the Court should compel production.

**C. Toby's Conditional Denials of RFA Nos. 38-46 Do Not Comply with Rule 36, and the Trustee Requests that the Court Order Amended Answers.**

17. Requests for admission are governed by Rule 36, which applies in adversary proceedings. FED. R. BANKR. P. 7036. A party that does not admit a matter must "specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." FED. R. CIV. P. 36(A)(4); *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 416 (N.D. Tex. 2021). A denial "must fairly respond to the substance of the matter." FED. R. CIV. P. 36(A)(4).

18. Toby's denials of RFA Nos. 38-46 conditioned on whether the particular request "exists and has been properly served" does none of this. Setting aside the fact that the requests were included with the initial service, the Trustee provided them again on September 10, 2026. Toby has yet to specifically deny anything in response to those requests. That leaves the Trustee

and the Court unable to tell what Toby has conceded. *See VeroBlue*, 345 F.R.D. at 424-25. Incomplete responses such as these do not meet the substance of the request and must be treated as a failure to respond. FED. R. CIV. P. 37(A)(4); Thomason *v. Metro. Life Ins. Co.*, No. 3:14-00086-P-BF, 2015 WL 1914527, at *1 (N.D. Tex. Apr. 27, 2015).

19. The Trustee requests that the Court order Toby to serve amended, Rule 36-compliant answers to RFA Nos. 38-46 within seven days, with those requests deemed admitted if he does not.

## IV. CONCLUSION

The Trustee respectfully requests that the Court enter an order: (i) compelling Toby Neugebauer to produce, within seven days of the Court's order, all responsive, non-privileged documents within his possession, custody, or control in response to RFP Nos. 1, 3-22, 25-30, and 34-56; (ii) compelling Melissa Neugebauer to produce, within the same time, all responsive, non-privileged documents within her possession, custody, or control in response to RFP Nos. 1, 3-22, 25-30, and 34-55; (iii) ordering Toby Neugebauer to serve amended, Rule 36-compliant answers to RFA Nos. 38-46 within seven days of the Court's order, and providing that RFA Nos. 38-46 are deemed admitted if he does not; and (iv) granting the Trustee such other and further relief to which she is justly entitled.

Respectfully submitted,

*/s/ Benjamin L. Weible*

**CHASE J. POTTER**
Texas Bar No. 24088245
E-Mail: potter@imcplaw.com
**JOSHUA L. SHEPHERD**
Texas Bar No. 24058104
E-Mail: shepherd@imcplaw.com
**BENJAMIN L. WEIBLE**
Texas Bar No. 24068834
E-Mail: weible@imcplaw.com
RYAN M. ANDERSON
Texas Bar No. 24143563
E-Mail: anderson@imcplaw.com

**IACUONE MCALLISTER POTTER PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Telephone: (214) 432-1536

**COUNSEL FOR THE AGENT AND SPECIAL COUNSEL FOR TRUSTEE**

**CERTIFICATE OF CONFERENCE AND VERIFICATION OF COUNSEL**

I hereby certify that counsel for the Trustee has in good faith attempted to confer with counsel for Defendants to resolve the matters raised in this Motion without Court intervention. On October 1, 2026, the Trustee's counsel sent counsel for Defendants a written communication identifying the requests at issue and requesting production by October 15, 2026. Defendants' counsel did not respond, and Defendants have not produced any documents or amended responses to the identified Requests for Admission. The Trustee presumes this Motion is opposed.

I hereby verify that the factual statements set forth in paragraphs 2, 8, and 9 of this Motion, which further describe the conference efforts made by the Trustee's counsel, are within my personal knowledge and are true and correct.

*/s/ Benjamin L. Weible*
BENJAMIN L. WEIBLE

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of October 2026, a true and correct copy of the foregoing document was served in accordance with the applicable Rules to counsel for Defendants.

*/s/ Benjamin L. Weible*
BENJAMIN L. WEIBLE