**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:**<br>**ANIMO SERVICES, LLC,**<br>**Debtor.** | §<br>§<br>§<br>§<br>§ | **Case No. 23-30035-mvl-7**<br>**Chapter 7** |
| **AREYA HOLDER AURZADA, TRUSTEE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TOBY NEUGEBAUER and MELISSA NEUGEBAUER,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Adversary No. 25-03015-mvl** |

**<u>DEFENDANTS' RESPONSE IN OPPOSITION TO TRUSTEE'S MOTION TO COMPEL DISCOVERY FROM DEFENDANTS</u>**

Defendants Toby Neugebauer and Melissa Neugebauer ("Defendants") hereby file this Response in Opposition to the Trustee's Motion to Compel Discovery from Defendants Toby Neugebauer and Melissa Neugebauer and Brief in Support, filed October 22, 2026 (Adv. Dkt. No. 36) (the "Motion"), and respectfully show as follows:

## I. SUMMARY OF RESPONSE

The Motion asks the Court to compel two things: (i) production of documents in response to the requests for production that Defendants agreed to produce "subject to the parties agreeing on a discovery protocol"—RFP Nos. 1, 3-22, 25-30, and 34-56 to Toby Neugebauer ("Toby") and RFP Nos. 1, 3-22, 25-30, and 34-55 to Melissa Neugebauer ("Melissa") (the "Agreed Requests"); and (ii) amended, Rule 36-compliant answers to Toby's

RFA Nos. 38-46. Motion ¶¶ 1, 6, 19 & n.2. Both requests are now moot.

On November 2, 2026, Defendants produced 73 documents totaling 101 pages, Bates-labeled NEUG_AURZADA_000001 through NEUG_AURZADA_000101. *See* Ex. A (Nov. 2, 2026 transmittal email). That production was the product of targeted searches directed to the specific transfers at issue and includes capital calls, capital infusion schedules, and promissory notes—the documents that go to the heart of this case: what money moved between Defendants and the Debtor, and how the Debtor treated it. On November 12, 2026, Toby served First Amended Objections and Responses to RFA Nos. 38-46, admitting RFA Nos. 42 and 44, denying RFA Nos. 39, 40, 43, and 45, and, as to RFA Nos. 38, 41, and 46, stating that after reasonable inquiry the information he knows or can readily obtain is insufficient to enable him to admit or deny, as Rule 36(a)(4) permits.

Nothing remains for the Court to compel. Nor should the Court award expenses under Rule 37(a)(5)(A): on the protocol issue, the Trustee's only pre-filing effort was a single email that declared itself the parties' conference, and no live conference occurred before the Motion was filed; Defendants pursued a proportional, protocol-based approach to electronically stored information ("ESI") in good faith; and Defendants produced the core documents about four months before the March 12, 2027 discovery deadline. The Motion should be denied as moot, and the requests for deemed admissions and fees should be denied.

## II. Brief Factual Background

The Trustee seeks to avoid and recover transfers of $200,000 to Toby and $350,000 to Melissa on or about October 7, 2021, and $1,000 to Melissa on or about December 17, 2021 (the "Transfers"). Motion ¶ 3. The Trustee's theory centers on how funds Defendants

contributed to the Debtor were documented and treated, including through promissory notes. *Id.*

The Trustee served her First Set of Discovery on each Defendant on July 27, 2026, and, after an agreed extension, Defendants served their Objections and Responses on September 9, 2026. *Id.* ¶ 5. As to each Agreed Request, Defendants did not refuse production; each Defendant agreed to produce responsive documents "subject to the parties agreeing on a discovery protocol." *Id.* ¶ 6. Many of the requests are broadly framed and reach ESI across multiple years and sources. Defendants conditioned production on agreement to a discovery protocol, intending that the parties would agree on custodians, date ranges and search parameters.

As to RFA Nos. 38-46, Toby responded that, despite diligent search and inquiry, he was unable to locate the text of those requests in the set as served on him; he asked the Trustee to provide a copy; and he stated that, to the extent the requests exist and were properly served, they were denied. *Id.* ¶ 7. The Trustee's counsel re-sent the Requests on September 10, 2026. *Id.*

On October 1, 2026, the Trustee's counsel emailed Defendants' counsel requesting production by October 15, 2026. *Id.* ¶ 8; Trustee Ex. E at App. 096-098. As to the protocol, the email stated, "We can consider this communication our conference on that discrete matter." *Id.* Defendants did not respond to that email in writing. The Trustee filed the Motion on October 22, 2026. No live conference between counsel on these issues occurred before the Motion was filed. Defendants produced documents on November 2, 2026. Discovery in this adversary proceeding does not close until March 12, 2027. *Id.* ¶ 4.

As Defendants' counsel represents, on November 2, 2026, about four months before the close of discovery, Defendants produced 73 documents totaling 101 pages, Bates-labeled NEUG_AURZADA_000001 through NEUG_AURZADA_000101. See Ex. A (Nov. 2, 2026 transmittal email). The production resulted from targeted searches directed to the Transfers and includes, among other things, capital calls, capital infusion schedules, and promissory notes. These documents go to the core issues in this case: what money was transferred and how the Debtor treated it.

On November 12, 2026, Toby served First Amended Objections and Responses to RFA Nos. 38-46, which admit, deny, or state an inability to admit or deny each request in compliance with Rule 36(a)(4). See Ex. B (transmittal email serving amended responses).

## III. Argument and Authorities

### A. The Motion Is Moot as to Production on the Agreed Requests.

A motion to compel production is moot where the responding party has produced the documents sought. *Collins v. Catastrophe Response Unit USA, Inc.*, No. 4:22-CV-1073-SDJ, 2026 U.S. Dist. LEXIS 155087, at *7 (E.D. Tex. July 14, 2026) (denying motion to compel as moot where non-movant produced responsive documents and materials); *Blades v. Martin Marietta Materials, Inc.*, Civil Action No. 2:24-CV-00055-AM-MHW, 2025 U.S. Dist. LEXIS 187197, at *4 (W.D. Tex. July 25, 2025) (same); *Maxell, Ltd. v. Coretronic Corp.*, No. 5:24-cv-88-RWS-JBB, 2025 U.S. Dist. LEXIS 255037, at *2 (E.D. Tex. July 29, 2025) (same). The Motion's request for production rests on a single premise: that Defendants "produced nothing." Motion ¶¶ 2, 9. That premise is no longer true. Defendants have produced documents responsive to the Agreed Requests focused on the Transfers and the Debtor's treatment of the funds—

including the very categories the Trustee highlights, such as promissory notes and related instruments. *See id.* ¶ 14. Defendants produced within the discovery period, about four months before the March 12, 2027 deadline, leaving the Trustee ample time to review the production, raise any specific deficiency, and complete any follow-up discovery. Should the Trustee believe any particular category of documents is missing, the proper course is a focused conference with Defendants—not an order compelling production that has already occurred.

The Trustee's argument that a protocol is not a precondition to production, id. ¶¶ 13, 16, is now academic: Defendants did not wait for a protocol to produce the core documents. To the extent additional ESI remains to be collected, Defendants remain willing to confer on reasonable search parameters—the cooperative, proportional approach Rule 26(b)(1) contemplates, and not a basis for an order compelling production that has already occurred. *See* FED R. CIV. P. 26(b)(1); *Faulkner v. Ford Motor Credit Co. (In re Reagor-Dykes Motors, LP)*, Adv. No. 20-05005, 2021 Bankr. LEXIS 3004, at *2-3 (Bankr. N.D. Tex. Oct. 29, 2021). Notably, the Trustee's proposed order would compel production in response to all requests in the First Sets of Discovery, which exceeds the relief the Motion itself seeks. Compare Motion n.2, with Proposed Order ¶¶ 1-2. An order compelling production would serve no purpose, and this portion of the Motion should be denied as moot.

### B. Toby's Amended Answers Moot the RFA Relief, and Deemed Admissions Are Unwarranted.

The Trustee asks that Toby serve amended, Rule 36-compliant answers to RFA Nos. 38-46. Motion ¶ 19. Toby has done exactly that: his November 12, 2026 amended answers admit, deny, or state an inability to admit or deny each request as Rule 36(a)(4) permits. Those answers moot the requested relief. *Ekpo v. Lone Star Commc'ns, LLC*, Civil

Action No. 3:24-CV-2096-D, 2026 U.S. Dist. LEXIS 168270, at *15 (N.D. Tex. July 29, 2026) (motion to compel largely granted, but denied as moot where amended discovery responses appeared to cure the deficiencies raised in the motion); *Moseti v. Mary Kay*, No. 3:25-CV-1313-K-BW, 2025 U.S. Dist. LEXIS 222457, 2025 WL 3154521, at *5 (N.D. Tex. Nov. 12, 2025) (alternatively denying motion to compel as moot as to one interrogatory where plaintiff did "not identify any deficiency in the amended response").

The Trustee's further request that RFA Nos. 38-46 be deemed admitted is both unnecessary and inappropriate. Toby did not ignore these requests. He timely responded, explained that he could not locate their text in the set as served, asked for a copy, and denied them. Motion ¶ 7. That response put the Trustee squarely on notice that Toby disputes the matters at issue. Rule 36 is not a vehicle for securing admissions on contested merits issues by technicality, and Rule 36(b) reflects a strong preference for resolving cases on their merits where doing so will not prejudice the requesting party. *See* FED. R. CIV. P. 36(a)(6); FED. R. BANKR. P. 7036; *cf.* FED. R. CIV. P. 36(b). With discovery open until March 2027, the Trustee suffers no prejudice from receiving amended answers now. The request for a self-executing deemed-admission provision should be denied.

### C. The Court Should Deny the Request for Expenses and Fees.

Rule 37 applies in this adversary proceeding through Federal Rule of Bankruptcy Procedure 7037. FED. R. BANKR. P. 7037. A motion to compel must include a certification that the movant "has in good faith conferred or attempted to confer" with the party failing to make discovery in an effort to obtain it without court action. FED. R. CIV. P. 37(a)(1). And even where the requested discovery is provided after the motion is filed, the Court "must not"

order payment of expenses if (i) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; (ii) the opposing party's nondisclosure, response, or objection was "substantially justified"; or (iii) "other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A)(i)-(iii). The presumption in favor of expenses is thus rebuttable on any of these three grounds. 1 Moore's AnswerGuide: Federal Discovery Practice § 17.12. Each applies here.

***First***, the Trustee's pre-filing effort on the protocol issue was limited. Defendants do not dispute that the Trustee's counsel wrote on October 1, 2026, or that Defendants did not respond to that email in writing. Trustee Ex. E at App. 096-098. But as to the protocol, that email did not invite a discussion; it declared that "[w]e can consider this communication our conference on that discrete matter." *Id.* That single email was the Trustee's only effort on the protocol before she filed, and no telephone or video conference occurred before the Motion was filed. Local Bankruptcy Rule 7007-1(b) requires the certificate of conference to report a conference, with its date and the attorneys involved, or to explain why one was not practicable; the Trustee's certificate reports only a single email. L.B.R. 7007-1(b). A unilateral declaration that an email constitutes the conference is, at best, a minimal attempt "to obtain the disclosure or discovery without court action." FED. R. CIV. P. 37(a)(5)(A)(i); *see* 1 Moore's Federal Rules Pamphlet § 37.3; 1 Moore's AnswerGuide: Federal Discovery Practice § 17.12. Moreover, neither the Motion's prayer nor the proposed order asks for fees. This factor weighs against an award of expenses.

***Second***, Defendants' position was substantially justified. Defendants never refused to produce; they agreed to produce and sought a protocol to govern the collection of ESI

responsive to broad requests spanning multiple years and sources. Rule 26(b)(1) limits discovery to matter "proportional to the needs of the case," considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1); *see In re Reagor-Dykes Motors, LP*, 2021 Bankr. LEXIS 3004, at *2-3. The amount in controversy here is approximately $551,000—the sum of the three Transfers. Motion ¶ 3. Yet the Trustee served sixty requests for production on Toby and fifty-nine on Melissa; the Agreed Requests number fifty and forty-nine, and reach ESI across multiple years and sources. The Court must also limit discovery that "can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C)(i). Several Agreed Requests seek materials that are available from the Debtor's records, which the Trustee controls—for example, to the extent RFP Nos. 3-4 seek the Debtor's own account statements. And Rule 26(c) authorizes the Court to specify terms for discovery to protect a party from undue burden or expense. FED. R. CIV. P. 26(c)(1).

Defendants' protocol was a concrete means of addressing those proportionality factors, not a pretext for delay. As Defendants' counsel represents, once Defendants undertook targeted searches directed to the Transfers, they produced on November 2, 2026, 73 documents totaling 101 pages (NEUG_AURZADA_000001-000101), including capital calls, capital infusion schedules, and promissory notes. That targeted production confirms that a focused, proportional approach—rather than an unfiltered collection across all sources—was the appropriate way to proceed. A good-faith effort to agree on the scope and method of ESI

collection, in a case of this size and in response to requests of this breadth, is a position on which reasonable people could differ, and it was substantially justified. *Keplar v. Google, LLC*, 346 F.R.D. 41, 53 (N.D. Tex. 2024) ("A party's discovery conduct is found to be substantially justified under Rule 37 if it is a response to a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." (internal quotation marks and citation omitted)). Rule 37(a)(5)(A)(ii) therefore bars an award.

***Third***, the combined circumstances here make an award unjust under Rule 37(a)(5)(A)(iii). On November 2, 2026, Defendants produced 73 documents totaling 101 pages (NEUG_AURZADA_000001-000101)—about four months before the March 12, 2027 discovery deadline. The Trustee has identified no prejudice from the timing of that production, and ample time remains in the discovery period. Defendants pursued a protocol in good faith to make the collection proportional. Defendants do not contend that any one of these circumstances is independently dispositive; taken together, they show that shifting fees would penalize Defendants for a good-faith disagreement over process that has since been resolved by production. The request for expenses and fees should be denied.

## IV. PRAYER

For these reasons, Defendants Toby Neugebauer and Melissa Neugebauer respectfully request that the Court: (i) deny the Motion as moot as to production in response to the Agreed Requests; (ii) deny as moot the request for amended answers to RFA Nos. 38-46 and deny the request that RFA Nos. 38-46 be deemed admitted; (iii) deny the Trustee's request for expenses and attorney's fees under Rule 37(a)(5)(A); and (iv) grant Defendants such other and further relief to which they may be justly entitled.

Dated: November 12, 2026

Respectfully submitted,

*/s/ Jeffrey M. Tillotson*
Jeffrey M. Tillotson
State Bar No. 20039200
jtillotson@tillotsonlaw.com
Austen Irrobali
State Bar No. 24092564
airrobali@tillotsonlaw.com
Sara K. Babineaux
State Bar No. 24125102
sbabineaux@tillotsonlaw.com
Ian K. Miller
State Bar No. 24149222
imiller@tillotsonlaw.com
**TILLOTSON PATTON**
1201 Main Street, Suite 1300
Dallas, Texas 75202
(214) 382-3041 Telephone
(214) 292-6564 Facsimile

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the above and foregoing document has been served electronically upon all parties or their counsel of record in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure on November 12, 2026.

*/s/ Jeffrey M. Tillotson*
Jeffrey M. Tillotson